JEREMIAH R. LAWRENCE *et al.*

*v.*

# A. C. McINTIRE, Sheriff.

83   399
25a  645
83   399|
124  535|

1. EXECUTION—*distribution of proceeds of sale.* Sec. 13, of ch. 77, R. S. 1874, entitled " Judgments and Executions," which requires a distribution of the proceeds of sales under execution, *pro rata,* on the several executions, according to their amounts, has no application to sales of personal property, but relates solely to sales of real estate, where the liens of the judgments are concurrent.

2. SAME—*order of lien on personalty.* Judgments are not liens upon personal property, and executions issued thereon become liens upon such property in the order in which they come to the officer's hands, the first in point of time having a priority.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action on the case, by Jeremiah R. Lawrence and George R. Murray, partners, under the name and style of J. R. Lawrence & Co., against Arthur C. McIntire, sheriff of LaSalle county.

Mr. G. S. ELDRIDGE, and Mr. GEORGE H. LOOEY, for the plaintiffs in error.

Mr. J. W. DUNCAN, and Mr. E. F. BULL, for the defendant in error.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The declaration in this case, to which the court below sustained a demurrer, sets out, that on the first day of the January term, 1875, of the circuit court of LaSalle county, the same being the 18th day of January, four several judgments were rendered against one Donald MacKay, amounting in the aggregate to the sum of $13,181.95; that executions issued thereon on the second day of the term, January 19, and were on that day delivered to the defendant, the sheriff of such county, and by him levied upon a stock of goods of MacKay, the defendant in execution, which goods, in pursuance of due notice given, were sold by the defendant under said levy on the 9th day of February, 1875, for the aggregate sum of $7,142.07, which amount was paid and endorsed, *pro rata*, upon the four executions; that on the 26th day of January, 1875, the plaintiffs brought their suit against said Donald Mac-Kay, to recover upon a promissory note, before a justice of the peace of said LaSalle county, and on the return day of the summons recovered judgment against him before such justice, for $108.07; that on the same day execution duly issued on the judgment, and was placed in the hands of a constable of the county, who, on the 5th day of February, 1875, made his return on the execution, "no property found;" that on the same day a certified transcript of the judgment was made, and the same was filed in the clerk's office of the circuit court of LaSalle county, on the 6th day of February, 1875, being a day of the said January term, in pursuance of the statute in such case made and provided, and that execution issued thereon out of that court on the 6th day of February, 1875,

and was on the same day delivered into the hands of the defendant, sheriff of the county, to be executed.

The cause of complaint is, the not paying any part of the proceeds of said sale to the plaintiffs, and wrongfully returning their execution unsatisfied in any part.

It is the provision of the statute, that when, after return on an execution that there is not personal property sufficient to satisfy the judgment, a transcript of a judgment before a justice of the peace shall be filed in the clerk's office of the circuit court of the county in which the judgment was rendered, " the judgment shall thenceforward have all the effect of a judgment of the said court, and execution shall issue thereon out of that court, as in other cases."

Section 1, chapter 77, Rev. Stat. 1874, entitled "Judgments, Decrees and Executions," provides as follows:   " That a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer: *Provided,* that there shall be no priority of the lien of one judgment over that of another, rendered at the same term of court or on the same day in vacation."   Section 13, of the same chapter, is as follows:   "When the lien of several judgments is concurrent, by reason of the same having been rendered at the same term of court, or on the same day in vacation, and execution issued upon any one of such judgments is levied upon property subject to such lien, the property so levied upon shall be sold for the benefit of all executions issued upon such judgments, and delivered to the same officer, or any of his deputies, before sale; and the proceeds of such sale shall be divided upon the several executions, *pro rata,* according to their several amounts."

The claim of the right of recovery in this case is rested upon this 13th section.

As the transcript of plaintiffs' judgment before the justice of the peace was filed in the clerk's office of the circuit court during the same term of the court at which the four aforesaid

26—83D ILL.

judgments were rendered, and as, from the time of its being filed, it had all the effect of a judgment of said court, it is contended that the plaintiffs' judgment is to be considered as rendered at the same term of court as the other judgments; and execution thereon having been delivered to the same officer holding the executions on such other judgments before the day of sale under them, that the plaintiffs' case was brought fully within the terms of that section, and his execution was entitled thereunder to share, *pro rata,* in the proceeds of the sale.

That section, as we conceive, has no applicability whatever to sales of personal property on execution, but relates solely to sales of real estate. It respects the subject matter of the proviso of the first section of the chapter—that there shall be no priority of lien in judgments rendered at the same term of court, and is subsidiary thereto, prescribing a rule of practice for the distribution of the proceeds of sale on execution under one of such judgments, where their lien is thus concurrent. The first section declares what property a judgment of a court of record shall be a lien upon—that it shall be a lien on the real estate of the defendant in the judgment, and fixes the time of the commencement of the lien and the period of its duration—the proviso declaring there shall be no priority of the lien of one judgment over that of another, rendered at the same term of court or on the same day in vacation. The first section has exclusive reference to judgment liens on real estate, and the 13th section is in regard to such judgment liens on real estate only. Real estate alone is within its purview. It commences, " when the lien of several judgments is concurrent," etc., relating to a case where judgments are a lien on property, and then continues: " and execution issued upon any one of *such judgments* is levied upon *property subject to such lien,*" etc., thus confining the section in its operation to executions issued upon such judgments as are liens upon property, and which are levied upon property subject to such judgment liens. Now, real estate is the only property upon which

a judgment is a lien. There is no such thing as a lien of a judgment on personal property.

The statutory provision in regard to personal property is in section 9 of the same chapter 77, that " no execution shall bind the goods and chattels of the person against whom it is issued, until it is delivered to the sheriff or other proper officer to be executed." This is all there is of a lien in respect of personal property in the case of an ordinary judgment and execution.

There is no pretense of any other warrant for the claim of " participation of executions," which is set up by plaintiffs, than this 13th section of chapter 77. That does not sustain the claim.

Plaintiffs' execution was not delivered to the sheriff, to be executed, until on the 6th day of February, 1875. The other executions were delivered to the sheriff on the 19th day of January, 1875. They had priority over the plaintiffs' execution, and the sheriff rightly applied the whole proceeds of the sale upon the prior executions.

The declaration shows no cause of action, and the demurrer to it was properly sustained.

The judgment is affirmed.

*Judgment affirmed.*