PETER W. FIELD ET AL.

v.

ADDISON MACULLAR ET AL.

</div>

1. EXECUTIONS—LEVY.—Where a sheriff has in his hands an execution, and levies upon personal property, and reduces it to possession, it is then in the custody of the law, and it is not essential to the lien of other executions in his hands or subsequently received, that they should be formally levied.

2. SAME.—Where the property was sold under the first execution of de_

Field v. Macullar.

fendants, and the proceeds paid over to them, and their lien was then extinguished by the reversal of their judgment, complainants, who had the second execution, would be entitled to the fund. Defendants having obtained possession of such fund with notice of complainants' rights, are properly chargeable as trustees holding said fund for the benefit of complainants.

ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed December 8, 1886.

Mr. JAMES H. FAIRCHILD, for plaintiffs in error.

Messrs. LYMAN & JACKSON, for defendants in error.

BAILEY, J. This was a bill in chancery brought by Addison Macullar and others, copartners under the firm name of Macullar, Parker & Co., against Peter W. Field and others, copartners under the firm name of Field, Benedict & Co., to recover from the defendants certain moneys arising from the sale on execution of the personal property of one Eric E. Anderson. It appears that on the 3d day of October, 1879, the defendants obtained a judgment against said Anderson in the Superior Court of Cook county, by confession, for $800 and costs, and on the same day caused an execution to be issued thereon to the sheriff of said county, who immediately levied the same upon a stock of goods and certain fixtures belonging to said Anderson. On the 4th day of October, 1879, the complainants obtained a judgment against said Anderson in said superior court, by confession, for $833.99 and costs, and on the same day an execution was issued on their judgment, and placed in the hands of said sheriff, with directions to levy upon said goods and fixtures. The sheriff promised to make such levy, but does not appear to have indorsed the same upon said execution.

On the 11th day of October, 1879, Anderson appeared in the superior court and entered his motion to vacate said judgment in favor of the defendants, on the grounds, 1, that the execution of the warrant of attorney by virtue of which said judg-

ment was confessed had been procured by fraud; 2, that no proof of its execution was presented or heard at the time of the entry of judgment, and 3, that the judgment, though entered in term time, was not entered in open court, but was entered by the clerk, without being presented to or acted upon by the court. Said motion being overruled by the superior court, the record was brought by Anderson to this court by appeal, and on the hearing of said appeal, each of the several grounds urged in support of the motion was· sustained, and said judgment was reversed and vacated, and the cause remanded for further proceedings. Anderson v. Field, 6 Bradwell, 307.

On the 13th day of October, 1879, the sheriff sold the property levied upon, making over and above the costs and expenses of the levy and sale the sum of $709.41. Prior to the sale the complainants' attorney had several interviews with the sheriff, in which he claimed and insisted that the defendants' judgment was fraudulent and would not hold the property levied upon as against the complainants' execution, and on one occasion shortly prior to the sale, he had an interview with one of the defendants in which he made similar statements. After the sale said attorney saw the sheriff and demanded of h'm the money, and notified him not to pay it over to the defendants. The sheriff, notwithstanding, paid the money to the defendants in part satisfaction of their execution, and returned the complainants' execution wholly unsatisfied. Subsequently, and prior to the commencement of this suit, the complainants' attorney made a demand for said money upon the defendants, which was refused. At the hearing, on pleadings and proofs, the court rendered a decree, finding that the defendants held said money as trustees for the complainants and ordering them to pay the same to the complainants, together with the costs of this suit, *instanter*, and in case of their default in such payment, that execution issue therefor.

The bill makes Anderson a defendant, and the first error assigned is, that no decree was taken as against him. It appears that Anderson was defaulted, and that the bill was taken *pro confesso* as against him, and the decree then finds

Field v. Macullar.

that the equities are with the complainants, and that all the material allegations of their bill are true. As no relief is prayed against Anderson, this was a sufficient disposition of the bill as to him.

The principal question in the case is, whether the complainants obtained, by means of their execution, a first and paramount lien on the goods of Anderson levied upon by the sheriff, and upon the proceeds of said goods after the sale. That said execution became a lien on said property from the time of its delivery to the sheriff, is indisputable. Such was its effect by virtue of the express provisions of the statute. Lawrence v. McIntire, 83 Ill. 399 ; Leach v. Pine, 41 Id. 65; Ross v. Weber, 26 Id. 221; Marshall v. Cunningham, 13 Id. 30; Garner v. Willis, 1 Id. (Breese) 368.

It is not material that there was no formal levy of the complainant's execution. The sheriff had in his hands a former execution against Anderson, apparently valid, in favor of the defendants, and by virtue of that execution he had levied upon said property and taken the same into his possession. In Leach v. Pine, *supra*, it was held that where a sheriff has in his hands an execution, and levies upon personal property and reduces it to possession, it is then in the custody of the law, and it is not essential to the lien of other executions in his hands or subsequently received, that they should be formally levied; that the execution first coming to hand authorizes the seizure of the property, which creates the levy, and while it remains in his possession he is unable to seize it again.

Upon the execution sale the liens of the two executions immediately attached to the fund created by the sale, with the same rights to priority which existed before the property was sold. See Hart v. Wingart, 83 Ill. 282, and authorities cited. It can not be doubted that the effect of the reversal of the defendants' judgment was to extinguish their lien. If the property had remained up to that time in the hands of the sheriff, it could not afterward have been sold under their execution. The property having been sold and the proceeds having been paid over to them, they were no longer entitled,

as against Anderson, to retain the money, but as between them, it was defendants' duty to repay it to him, and he could have recovered it in an action for money had and received. Clark v. Pinney, 6 Cow. 298; Maghee v. Kellogg, 24 Wend. 32; Green v. Stone, 1 Harris & John. 405; Freeman on Executions, Sec. 346, and authorities cited.

The defendants' lien, then, having been extinguished by the reversal of their judgment, and the complainants' lien having remained in full force, the complainants' right to the fund produced by the sale became paramount, entitling them to have the whole of said fund paid to them in satisfaction of their judgment. Said fund belonged to them, and the defendants having obtained possession of it with notice of the complainants' rights, are properly charged as trustees, holding said fund for the benefit of the complainants. We are of the opinion that there was no error in the decree, and it will therefore be affirmed.

<div align="right">Decree affirmed.</div>